# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **COURTNEY WILLIAMS,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| vs. | **FILE NO.:** _____ |
| **MOHAWK INDUSTRIES, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Courtney Williams (hereinafter "Plaintiff Williams"), and files this, his Complaint for Damages against Defendant Mohawk Industries, Inc. (hereinafter "Defendant Mohawk"), showing the Court the following:

## INTRODUCTION

1. Plaintiff Williams started as a creeler, a textile worker who replaces empty spools in the creel of a warping machine, for Defendant Mohawk on April 18, 2022. After a serious car accident, Plaintiff's neck/shoulder and lower back became injured. Plaintiff treated with a doctor on April 21, 2022, who released him to "return to light/medium duty work." Upon his return to work, Defendant Mohawk refused to accommodate Plaintiff and sent him home. On or around April

1

22, 2022, the plant manager called and told Plaintiff that as long as his doctor completed Mohawk's paperwork within a week and he did not require light duty for more than for a month, Mohawk could accommodate him.  Plaintiff was in the process of trying to obtain that paperwork when Defendant Mohawk terminated his employment without warning on or around April 29, 2022.  Plaintiff was fired for having too many "points", i.e. missing too much work, even though Plaintiff had only missed work because Defendant Mohawk failed to accommodate him and while Plaintiff was in the middle of the interactive process.

## THE PARTIES

2. Plaintiff Williams is a former employee of Defendant Mohawk.

3. Defendant Mohawk is a Delaware corporation with offices throughout Georgia, including 1755 The Exchange SE, Atlanta, GA 30339. Defendant Mohawk employs more than fifteen people.

4. Defendant Mohawk may be served via its registered agent, CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA, 30060.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under the ADA.

6. This Court has personal jurisdiction over Defendant Mohawk because it has offices and other locations in this district and transacts significant business in this district, including locating its registered agent within this district.

7. Venue is proper in this court under 28 U.S.C. § 1391 because Defendant Mohawk is located in this judicial district via its offices and registered agent.

8. All conditions precedent to the institution of this suit have been fulfilled. On June 3, 2022, Plaintiff Williams timely filed a charge with the Equal Employment Opportunity Commission, Charge No. 410-2022-05841. The Notice of Right to Sue was mailed on November 2, 2022. This action has been filed within ninety days of receipt of said Notice.

## FACTUAL ALLEGATIONS

9. On April 1, 2022, Defendant Mohawk hired Plaintiff to work as a creeler.

10. On April 4, 2022, Plaintiff, along with his wife and two children, were in a serious motor vehicle accident.

11. On April 18, 2022, Plaintiff started working as a creeler for Defendant Mohawk.

12. Multiple employees performed the creeler position throughout Defendant's plant.

13. The creeler position involved several light aspects of work including, removing the empty cones, piling the empty cones in a buggy, tying yarn together, and sweeping.

14. Plaintiff worked his full creeler shift on April 18, 19, and 20 (Monday-Wednesday).

15. On Thursday April 21, 2022 Plaintiff visited Dr. Grasso because his neck/shoulder area as well as his low back were hurting from the motor vehicle accident.

16. Dr. Grasso ordered cervical X-rays which demonstrated an abnormal finding and loss of lordosis.

17. Dr. Grasso made the following assessments regarding Plaintiff's condition: cervicalgia, cervical radiculopathy, muscle spasm, lumbago with sciatica, headache.

18. Dr. Grasso issued Plaintiff work restrictions of no lifting over 10 pounds; no repetitive bending, crawling, stooping; no prolonged sitting; and no pushing/pulling. These work restrictions were in effect for a finite period of time, and thus required only a short-term accommodation.

19. Plaintiff returned to work and showed the medical note to his supervisor and one other management-level employee.

20. Plaintiff explained that to the two supervisors that he was experiencing neck/shoulder pain and requested work within his doctor's restrictions.

21. Plaintiff's supervisor initially instructed Plaintiff to go work light-duty on machine number 114, and once there to perform work as needed, including picking-up light cones.

22. But then a second management-level employee rescinded the accommodation, and Plaintiff's supervisor instructed Plaintiff to sit in the breakroom.  Plaintiff sat in the breakroom for several hours.

23. Plaintiff's supervisor then sent him home, without further engaging in the interactive process or otherwise attempting to accommodate plaintiff.

24. Defendant Mohawk has a substantial light-duty program for employees who have had workers' compensation injuries, but Defendant Mohawk refused to accommodate Plaintiff with light-duty work.

25. The next day, on Friday April 22, Defendant Mohawk's plant manager (Mike) called Plaintiff and refused to accommodate him with light-duty, but the plant manager stated that Plaintiff would have "a few weeks" to get his doctor to complete Mohawk's paperwork.  The Plant manager suggested that Mohawk could accommodate light duty restrictions for up to a month.

26. During this Friday April 22 call, Plaintiff requested to be allowed to work his regular duty job, and said he could perform his regular job (as he had been doing April 18-20), but the plant manager refused.

27. On or around Friday April 22, Plaintiff obtained the paperwork from HR and took it to his doctor to sign but was unable to get the doctor to sign.

28. On or around Monday April 25, Plaintiff drove over one hour to his doctor to attempt to obtain his signature but was unable to.

29. The same day, Plaintiff made the long drive from his doctor's office to Mohawk, and explained to HR that his doctor indicated that the paperwork was not needed. Mohawk HR insisted on him obtaining the paperwork.

30. So on or around Wednesday April 27, Plaintiff again drove over an hour to his doctor's office, and this time obtained his doctor's signature on the Mohawk paperwork.

31. On or around Friday April 29, Plaintiff brought the completed paperwork to Mohawk HR who said, "I thought you quit".

32. Plaintiff spoke with the Mohawk plant manager who told Plaintiff that Plaintiff had used "all of [his] points." Plaintiff reminded the plant manager that the plant manager had previously said that Plaintiff had a few weeks to complete the paperwork. Plaintiff also asked to see the points system paperwork, but the plant manager refused to provide it.

33. Plaintiff again told the plant manager that he that he was ready and willing to work his regular job full time on or about April 29, 2022.

34. Defendant's plant manager refused to allow Plaintiff to work.

## COUNT ONE: ADA DISCRIMINATORY DISCHARGE

35. Plaintiff Williams incorporates herein by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

36. At all times relevant hereto, Plaintiff Williams had a disability or was regarded as disabled by Defendant Mohawk. 29 C.F.R. § 1630.2(g).

37. At all times relevant hereto, Plaintiff Williams had or was regarded as having a condition that limits major life activities, including, but not limited to, performing manual tasks, working, bending, and lifting, pursuant to 42 U.S.C. § 12102(2)(A) and 29 CFR § 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as musculoskeletal functions.

38. Plaintiff Williams was at all relevant times qualified for his position and able to perform all of the essential functions of this position with or without a reasonable accommodation(s).

39. Defendant Mohawk terminated Plaintiff Williams's employment because of his disability and/or because it regarded him as disabled.

40. As a direct result of Defendant Mohawk's termination of Plaintiff Williams's employment, Plaintiff Williams has suffered and continues to suffer

damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## COUNT TWO: RETALIATION IN VIOLATION OF THE ADA

41. Plaintiff Williams incorporates herein by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

42. At all times relevant hereto, Plaintiff Williams had a disability or was regarded as disabled by Defendant Mohawk. 29 C.F.R. § 1630.2(g).

43. At all times relevant hereto, Plaintiff Williams had or was regarded as having a condition that limits major life activities, including, but not limited to, sleeping, performing manual tasks, working, bending, and lifting, pursuant to 42 U.S.C. § 12102(2)(A) and 29 CFR § 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as musculoskeletal functions.

44. Plaintiff Williams was at all relevant times qualified for his position and able to perform all of the essential functions of this position with or without a reasonable accommodation(s).

45. Plaintiff Williams engaged in protected activity when he requested the reasonable accommodations from Defendant Mohawk and requested that Defendant Mohawk allow him to work within his restrictions.

46. Defendant Mohawk then took an adverse employment action against Plaintiff Williams by terminating his employment because of the protected activity.

47. Plaintiff Williams suffered damages because of the adverse employment action. As a direct result of Defendant Mohawk's retaliation, Plaintiff Williams has suffered and continues to suffer damages from those wrongful acts and is entitled to the relief sought in the prayer for relief.

### COUNT THREE: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

48. Plaintiff Williams incorporates herein by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

49. At all times relevant herein, Plaintiff Williams had a disability or was regarded as disabled by Defendant Mohawk. 29 C.F.R. § 1630.2(g).

50. At all times relevant herein, Plaintiff Williams had or was regarded as having a condition that limits major life activities, including, but not limited to, sleeping, performing manual tasks, working, bending, and lifting, pursuant to 42 U.S.C. § 12102(2)(A) and 29 CFR § 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as musculoskeletal functions.

51. Plaintiff Williams was at all relevant times qualified for his position and able to perform all of the essential functions of this position with or without a reasonable accommodation.

52. Despite Plaintiff Williams's requests for reasonable accommodations of light duty work and working modified duty within his restrictions, Defendant

9

Mohawk discriminated against the qualified Plaintiff Williams by failing to provide reasonable accommodations during his employment.

53. Defendant Mohawk failed to engage in an interactive process regarding said accommodations, and said accommodations did not impose an undue hardship on Defendant Mohawk's large business. 42 U.S.C. § 12112(b)(5)(A).

54. As a direct result of Defendant Mohawk's refusal to provide Plaintiff Williams with reasonable accommodations, Plaintiff Williams has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Williams respectfully prays this Court grant the following relief:

a. That Plaintiff Williams have and recover from Defendant Mohawk lost back pay and benefits, with prejudgment interest thereon;

b. That the Court award front pay and benefits in an amount sufficient to compensate him for the loss of future salary and fringe benefits;

c. That Plaintiff Williams have and recover compensatory damages in an amount to be determined by a jury;

d. That Plaintiff Williams have and recover punitive damages in an amount to be determined by a jury;

e. That Plaintiff Williams recover his attorneys' fees, litigation expenses, and costs of litigation pursuant to all applicable federal laws; and

f. Any and other such further relief this Court or the Finder of Fact deems equitable and just.

**Plaintiff Williams demands a trial by jury.**

This 14th day of December, 2022.

                              Respectfully submitted,

                              HILL, KERTSCHER & WHARTON, LLP

                              By: /s/ Douglas R. Kertscher
                                       Douglas R. Kertscher
                                       Georgia State Bar No. 416265
                                       Julie Burke
                                       Georgia State Bar No. 448095
                                       *Attorneys for Plaintiff*

3625 Cumberland Blvd
Suite 1050
Telephone: 770-953-0995
Facsimile: 770-953-1358
E-mail: drk@hkw-law.com
            jb@hkw-law.com